IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MATTHEW ARNOLD PEARSON, II, § § *Plaintiff,* § § v. § § HOUSTON ZOO, INC., § § *Defendant.* § | CASE NO.: 3: 24-CV-\_\_\_\_ JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HON. JEFFREY V. BROWN, U. S. DISTRICT JUDGE:**

Plaintiff, Matthew Arnold Pearson II, brings this action against defendant, Houston Zoo, Inc., because the plaintiff was discharged from his employment with the defendant as a result of the defendant's unlawful racial discrimination, its intentional deprivation of the plaintiff's civil rights, and its interference with his equal privileges and immunities under the law in violation of 42 U.S.C. § 1981, and its unlawful discrimination based on his sex, by way of complaint states as follows:

### PARTIES

1. Plaintiff, Matthew Arnold Pearson II, is an individual who is a citizen of the State of Texas.

2. Defendant, Houston Zoo, Inc., is a nonprofit corporation that is

1

incorporated under the laws of the State of Texas. The defendant has its principal place of business in the State of Texas. The defendant may be served with process by serving its president and chief executive officer, Lee Ehmke, at 1513 Cambridge Street, Houston, Texas 77030.

## JURISDICTION

3. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343 because the action requests the recovery of damages for an injury due to the deprivation of a right or privilege of a citizen of the United States.

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The plaintiff timely filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission (EEOC). The plaintiff files this complaint within 90 days after receiving notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

## RELEVANT FACTS

6. The defendant has been operating a 55-acre zoological park within the Hermann Park area of Houston, Texas, as a nonprofit corporation since 2002; it is accredited by the Association of Zoos and Aquariums (AZA).

7. The defendant houses over 6,000 animals from more than 900 species. The defendant receives over 2 million visitors each year and is the second most visited zoo in the United States, surpassed only by the San Diego Zoo.

8. The plaintiff, an African-America male, began working for the defendant in its horticulture department on or about October 1, 2023, and received excellent reviews from his direct supervisor and the defendant's then horticulture manager.

9. In January 2024, Raymond Odeh became the defendant's horticulture manager when the defendant's prior horticulture manager was transferred to a different department. After Odeh became the defendant's horticulture manager, the plaintiff was subjected to unwanted harassment based on his sex as a heterosexual male by Odeh, who self-identified as homosexual, and informed the plaintiff that he reminded him of one of his past lovers.

10. In response, the plaintiff emphatically informed Odeh that he was heterosexual and had been in a committed relationship with a female for the prior three years. The plaintiff specifically rejected Odeh's sexual advances and informed him that if he continued he would have to take action against him.

11. However, after the plaintiff rejected Odeh's unwanted sexual advances, Odeh began a pattern of retaliation against him, which included transferring his supervision from his prior supervisor to Odeh personally and creating false

disciplinary write-ups against him. Finally, after the plaintiff complained to Odeh's supervisor and to the defendant's human resources department regarding Odeh's on-going harassment against him, the plaintiff was discharged from his position with the defendant on or about March 11, 2024.

## COUNT I – VIOLATION OF SECTION 1981

12. The plaintiff incorporates paragraphs 1 - 11 by reference.

13. The plaintiff belongs to a protected class; namely he is African American.

14. The defendant is an employer engaged in an industry affecting commerce.

15. The plaintiff, an African-America male, was discharged from his position with the defendant as an irrigation specialist on or about March 11, 2024.

16. By discharging the plaintiff from his position as an irrigation specialist, the defendant has discriminated against the plaintiff on the basis of race in the making and enforcing of contracts, including his contract of employment with defendant in violation of 42 U.S.C. § 1981.

17. This deprivation was caused by an employee of the defendant, Raymond Odeh, who was acting within the course and scope of his employment at the time of the deprivation. Odeh was empowered by his position with the defendant to take tangible employment actions against the plaintiff.

18. As a result of the foregoing deprivation, the plaintiff has been discharged unlawfully from his employment, has suffered anxiety and other distress, has suffered humiliation and embarrassment as a result of being discharged from his employment with defendant, has suffered and will continue to suffer lost wages and fringe benefits from his loss of employment from the defendant, and has suffered other compensatory damages to be proved at trial.

19. <u>Damages</u>. As a direct and proximate result of the defendant's conduct, plaintiff suffered the following injuries and damages: (a) the plaintiff was discharged from his employment with the defendant; although the plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay; (b) the plaintiff suffered damage to his pension or retirement benefits; (c) the plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits; (d) furthermore, as reinstatement of the plaintiff into his previous position is impractical and unworkable, the plaintiff seeks an award of future lost wages and benefits to compensate him until the mandatory retirement age of 70 years; (e) the plaintiff is entitled to compensatory damages for his mental anguish suffered; (f) the plaintiff is entitled to prejudgment interest on lost wages and benefits, and postjudgment interest on all sums, including attorney fees incurred in this action; and (g) punitive damages for intentionally discriminating against the plaintiff because of his race.

20. <u>Attorney fees</u>. The plaintiff was forced to engage counsel to protect his rights. The plaintiff is entitled to an award of attorney fees and costs under Section 1981a. 42 U.S.C. § 1988.

**COUNT 2 – RACIAL DISCRIMINATION UNDER TITLE VII**

21. The plaintiff incorporates paragraphs 1 – 11.

22. The plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely African Americans.

23. The defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

24. Raymond Odeh, the plaintiff's supervisor, is employed by the defendant as its horticulture manager.

25. Raymond Odeh, the plaintiff's supervisor, was empowered by the defendant to make tangible employment actions against the plaintiff. Specifically, Odeh had the authority to fire the plaintiff, the authority to reassign the plaintiff to a position with significantly different responsibilities, and the authority to significantly alter the plaintiff's benefits.

26. The defendant intentionally discriminated against the plaintiff because of his race in violation of Title VII by firing the plaintiff, by reassigning the plaintiff

to a position with significantly different responsibilities, and by significantly altering the plaintiff's benefits.

27. The defendant is directly liable because it was negligent in remedying the discriminatory conduct.

28. The defendant is strictly liable for Odeh's discriminatory conduct because Odeh took a tangible employment action against the plaintiff that significantly changed the plaintiff's employment status. Specifically, Odeh fired the plaintiff.

29. As a direct and proximate result of the defendant's conduct, the plaintiff suffered the following injuries and damages: (a) the plaintiff was discharged from his employment with the defendant; (b) the loss of wages and benefits, including the loss of Social Security benefits; (c) mental anguish and emotional distress; and (d) because the reinstatement of the plaintiff into his previous position is impractical and unworkable, front pay and retirement benefits to compensate him up to the mandatory retirement age of 70.

30. The plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

**COUNT 3 – SEXUAL HARASSMENT UNDER TITLE VII**

31. The plaintiff incorporates paragraphs 1 – 11.

32. The plaintiff is a male employee within the meaning of Title VII.

33. The defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

34. Raymond Odeh, the plaintiff's supervisor, is employed by the defendant as its horticulture manager.

35. Raymond Odeh, the plaintiff's supervisor, was empowered by the defendant to make tangible employment actions against the plaintiff. Specifically, Odeh had the authority to fire the plaintiff, the authority to reassign the plaintiff to a position with significantly different responsibilities, and the authority to significantly alter the plaintiff's benefits.

36. The defendant intentionally discriminated against the plaintiff in violation of Title VII by subjecting the plaintiff to quid pro quo sexual harassment. Specifically, Odeh discriminated against the plaintiff by subjecting the plaintiff to adverse employment actions unless he had sex with him.

37. The defendant is directly liable because it was negligent in remedying the discriminatory conduct.

38. The defendant is strictly liable for Odeh's discriminatory conduct because Odeh took a tangible employment action against the plaintiff that significantly changed the plaintiff's employment status. Specifically, Odeh fired the

plaintiff.

39. As a direct and proximate result of the defendant's conduct, the plaintiff suffered the following injuries and damages: (a) the plaintiff was discharged from his employment with the defendant; (b) the loss of wages and benefits, including the loss of Social Security benefits; (c) mental anguish and emotional distress; and (d) because the reinstatement of the plaintiff into his previous position is impractical and unworkable, front pay and retirement benefits to compensate him up to the mandatory retirement age of 70.

40. The plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## COUNT 4 – UNLAWFUL RETALIATION UNDER TITLE VII

41. The plaintiff incorporates paragraphs 1 – 11.

42. The plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely African Americans.

43. The defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

44. Raymond Odeh, the plaintiff's supervisor, is employed by the defendant as its horticulture manager.

45. Raymond Odeh, the plaintiff's supervisor, was empowered by the defendant to make tangible employment actions against the plaintiff. Specifically, Odeh had the authority to fire the plaintiff, the authority to reassign the plaintiff to a position with significantly different responsibilities, and the authority to significantly alter the plaintiff's benefits.

46. The defendant unlawfully retaliated against the plaintiff in violation of Title VII by firing the plaintiff, by reassigning the plaintiff to a position with significantly different responsibilities, and by significantly altering the plaintiff's benefits because he reported Odeh's unwanted sexual harassment to his supervisor and to the defendant's human resources department.

47. The defendant is directly liable because it was negligent in remedying the discriminatory conduct.

48. The defendant is strictly liable for Odeh's discriminatory conduct because Odeh took a tangible employment action against the plaintiff that significantly changed the plaintiff's employment status. Specifically, Odeh fired the plaintiff in retaliation for his reporting Odeh's unwanted sexual harassment to his supervisor and the defendant's human resources department.

49. As a direct and proximate result of the defendant's conduct, the plaintiff suffered the following injuries and damages: (a) the plaintiff was discharged from his employment with the defendant; (b) the loss of wages and benefits, including the

loss of Social Security benefits; (c) mental anguish and emotional distress; and (d) because the reinstatement of the plaintiff into his previous position is impractical and unworkable, front pay and retirement benefits to compensate him up to the mandatory retirement age of 70.

50. The plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## DEMAND FOR JURY TRIAL

51. The plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

52. For these reasons, the plaintiff asks for judgment against the defendant for the following: (a) an award of front pay in an amount deemed appropriate by this Court, or alternatively an order to reinstate the plaintiff to his former position or a position comparable thereto; (b) an award of full back pay (including fringe benefits and taking into account all raises to which the plaintiff would have been entitled but for his unlawful discharge) from the date of the plaintiff's discharge through the date of trial; (c) compensatory damages; (d) prejudgment and post-judgment interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. § 1961; (e) an award of attorneys' fees and costs of litigation incurred; (f) punitive

damages; and (g) an award of such other and further relief as this Court deems equitable and just.

           Respectfully submitted,

         By: ___/s/ Julia Catherine Hatcher_____
           JULIA CATHERINE HATCHER
           Texas Bar No.: 24004692
           S.D. Tex. No.:
           juliachatcher@gmail.com
           1622 Campbell Lane
           Galveston, TX 77551
           Tel.: (409) 599-6685
           Fax: (281) 715-4284

OF COUNSEL:
MARK ARONOWITZ

          ATTORNEY FOR PLAINTIFF,
          MATTHEW ARNOLD PEARSON II

# EXHIBIT A

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC | Agency(ies) Charge No(s):<br><br>460-2024-05527 |

_____ and EEOC
State or local Agency, if any

| | | |
|---|---|---|
| **Name** (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)<br>Mr. Matthew A. Pearson II | Home Phone<br>281-845-6183 | Year of Birth |
| **Street Address**<br>800 FM 518 East Apt. No. 112<br>Kemah, TX 77565 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| | | |
|---|---|---|
| **Name**<br>Houston Zoo, Inc. | No. Employees, Members<br>501+ Employees | Phone No.<br>713-533-6535 |
| **Street Address**<br>1513 Cambridge Street<br>Houston, TX 77030 | | |
| **Name** | No. Employees, Members | Phone No. |
| **Street Address**           City, State and ZIP Code | | |

| | |
|---|---|
| **DISCRIMINATION BASED ON**<br><br>Retaliation, Sex | **DATE(S) DISCRIMINATION TOOK PLACE**<br>Earliest: 01/01/2024     Latest: 03/11/2024 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The claimant was subjected to unwanted harassment based on sex as a heterosexual male by the zoo's horticulture manager, Ray Odeh. Specifically, after the claimant rejected Mr. Odeh's unwanted sexual advances, Mr. Odeh began a patten of retaliation against him eventually leading to his dismissal made on March 11, 2024, for the false allegation of leaving the valve unsecured at the elephant watering station and for allegedly threatening a coworker outside of work on his own time through text message

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Matthew A. Pearson II**<br>05/07/2024<br><br>Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

Page 1 of 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/21/2024

To: Mr. Matthew A. Pearson II
800 FM 518 East Apt. No. 112
Kemah, TX 77565

Charge No: 460-2024-05527

EEOC Representative and email:   LETICIA FLORES
Investigator
Leticia.Flores@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 460-2024-05527.

On behalf of the Commission,

Digitally Signed By: Rayford O. Irvin
08/21/2024
Rayford O. Irvin
District Director

Cc:
Kristin Finney
HOUSTON ZOO
1513 Cambridge St
Houston, TX 77030

W. Jackson Wisdom
Martin, Disiere, Jefferson & Wisdom, LLP
808 TRAVIS ST STE 1100
Houston, TX 77002

Incident Location
Houston Zoo, Inc.
1513 Cambridge Street
Houston, TX 77030

Mark A Aronowitz Esq.
The Aronowitz Law Group
800 FM 518 East No. 112
Kemah, TX 77565

Please retain this notice for your records.